EX PARTE MICAELA DEL MORAL DE DOMÍNGUEZ ET AL., MARÍA DEL CARMEN DEL MORAL, ETC., Respondent and Appellant.

No. 5721. Argued December 2, 1931.—Decided July 6, 1932.

*Alfredo Arnaldo & Alfredo Arnaldo, Jr.,* for appellant. *José Sabater in pro per.*

MR. JUSTICE ALDREY delivered the opinion of the Court.

The District Court of Mayagüez declared María del Carmen Nadal to be incapacitated, and appointed Francisco del Moral as her guardian. Subsequently by an order of court, said appointment was set aside and María del Carmen del Moral was appointed to fill that office. Upon the removal of the first guardian, Attorney José Sabater filed a motion within the proceeding for declaration of incapacity and appointment of a guardian for María del Carmen Nadal, to have the court determine the amount he should be paid for services rendered as attorney for the incapacitated person and for the guardian, Francisco del Moral. After hearing the parties on the motion, the court, by an order, fixed at a certain sum the fees of said attorney. Thereupon, the second guardian took the present appeal.

Section 43 of the Civil Code (1930 ed.) provides that professional services as regards the remuneration therefor, shall be subject to the agreement of the parties; and when there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction. This section refers to express or implied contracts between persons with capacity to contract and it has no application to a case like the present one where an attorney has rendered services to the incapacitated person at the request of the guardian. In *Cole* v. *Superior Court,* 63 Cal. 86, where a similar question arose in connection with a statute providing that the amount and mode of compensation of attorneys should be left to the agreement expressed or implied of the parties, and it was urged that the amount of compensation of an attorney for services rendered to certain infants and an insane person should be made the subject of a separate action to be tried by a jury, and should not be fixed by the court in the same proceeding where the services were rendered, it was held that the said provision, similar to the above cited section 1473, referred to agreements expressed or implied between persons having capacity to make a binding contract; and the order fixing the compensation of the attorney was sustained.

In the case of *Correa* v. *District Court,* 40 P.R.R. 403, an attorney filed a motion within a guardianship proceeding to have the court fix his compensation for services rendered. The petition was opposed on the ground that such a demand should be made in a separate civil action, but the court determined the attorney's fees and its decision was upheld by this Court.

For the reasons stated, the appeal should be dismissed as frivolous, as requested by the appellee.